

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 20, 1971

Honorable Jess M. Irwin, Jr.          Opinion No. M-978
Commissioner
Texas Rehabilitation Commission       Re:  Transportation allow-
1301 West 38th Street                       ance for certain em-
Austin, Texas  78705                        ployees.

Dear Mr. Irwin:

        Your request for an opinion asked the following
question:

        "May the Commission, under the provi-
        sions of Article V, Section 61, fourth un-
        numbered paragraph, Senate Bill No. 11,
        Regular Session, Sixty-Second Legislature,
        1971, set monthly transportation allowances
        for those employees identified as 'an em-
        ployee whose duties customarily require
        travel within his designated headquarters'
        without the requirement to report bus fares,
        taxi fares, car rentals, and/or mileage for
        use of personally owned automobiles?"

        The Travel Regulations Act of 1959 is the pre-
existing law governing payment of travel expenses.  Its
Sec. 8, codified as Sec. 8 of Article 6823a, Vernon's Civil
Statutes, reads as follows:

        "An employee whose duties customarily
        require travel within his designated head-
        quarters may be authorized a local trans-
        portation allowance for this travel.  Such
        allowance, however, shall never exceed the
        transportation allowance for use of a pri-
        vately owned automobile as set by the Leg-
        islature in the General Appropriation Acts."

The pertinent provision of Section 61 of Article V of the current General Appropriation Act* reads as follows:

"Under authority of Chapter 231, General Laws, Page 523, Acts of the 56th Legislature, Regular Session, 1959, (Section 8, Article 6823a, Vernon's Annotated Civil Statutes) the Texas Rehabilitation Commission is authorized to pay an employee whose duties customarily require travel within his designated headquarters a local transportation allowance for this travel. This monthly transportation allowance for the individual employee shall never exceed the transportation allowance for use of a privately owned automobile as set by the Legislature in the General Appropriation Acts. Said allowance shall be approved by the State Auditor."

Section 8 of Article 6823a specifically limits transportation allowances within designated headquarters to that authorized for use of privately owned automobiles. Likewise, the above quoted rider limits transportation allowances to the allowance authorized for use of privately owned automobiles. The transportation allowance for privately owned automobiles for the current fiscal year is $.10 per mile. See Section 12 of Article V, current Appropriation Act.

Therefore, the transportation allowance authorized under Section 61 of Article V is limited to $.10 per mile.

In other words, it is our opinion that you are not authorized to set a flat rate of transportation allowance in lieu of payment of transportation expenses.

### SUMMARY

Section 61 of Article V of Senate Bill No. 11, Acts of the 62nd Legislature, Regular

*Acts 62nd Leg., R.S., 1971, S.B. 11, as amended by Acts 62nd Leg., 1st C.S., 1971, S.B. 7.

Session, 1971 (General Appropriation Act) does not authorize the payment of a flat rate of transportation allowance in lieu of transportation expenses incurred.

Yours Very Truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ivan Williams
Roland Allen
Mike Stork
Ben Harrison

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant